25-798-cv
*Cecere v. Canisius University*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

Present:

> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

WILLIAM CECERE IV,

> *Plaintiff- Appellant*,

v.                                                                                              25-798-cv

CANISIUS UNIVERSITY,
FKA CANISIUS COLLEGE,
DR. AIMEE LARSON,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Steven Cohen, Tiveron Law PLLC, Amherst, NY. |
| For Defendants-Appellees: | Thomas S. D'Antonio, Hodgson Russ LLP, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant William Cecere IV appeals from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*) entered on March 5, 2025. Cecere was dismissed from the Physician Assistant ("PA") Program at Canisius University based on his failure to get vaccinated against COVID-19, or to secure a clinical placement that would recognize his medical exemption from the vaccine requirement, in order to complete his clinical studies. He brought suit in New York state court against Defendants-Appellees Canisius University and Dr. Aimee Larson, the Director of the PA Program, alleging that he was unable to get a COVID-19 vaccine because he had previously suffered adverse effects from other vaccines; that this inability constituted a disability; and that his dismissal from the PA Program constituted a violation of his rights under state law as well as under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182. The Defendants removed the case to federal court. The district court dismissed Cecere's ADA claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Cecere failed to plausibly allege a qualifying disability or that any of his major life activities was substantially limited by the alleged disability. It then remanded the state-law claims to state court. Cecere now appeals, challenging the dismissal of his ADA claim. We assume the parties' familiarity with the case.

2

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Kellogg v. Nichols*, 149 F.4th 155, 159 (2d Cir. 2025).[1] In doing so, "[w]e consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Santos v. Kimmel*, 154 F.4th 30, 33 (2d Cir. 2025). This includes documents upon which the complaint heavily relies and which are therefore integral to the complaint. *See Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025). A complaint must be construed liberally, with all factual allegations accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Clark v. Hanley*, 89 F.4th 78, 90-91 (2d Cir. 2023). Even so, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate: "(1) that she is a qualified individual with a disability; (2) that the defendants are subject to [the ADA]; and (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015). For purposes of the ADA, Congress has defined a "disability" to include, as relevant here, "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Here, Cecere's ADA claim fails at the threshold step because—even assuming (without deciding) that an allergy to any or all COVID-19 vaccines can constitute a qualifying disability

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

under the ADA—Cecere's amended complaint fails to plausibly allege that he has any such allergy. Cecere's amended complaint contains the conclusory allegation that "Plaintiff was disabled due to his inability to receive the COVID-19 vaccine." Joint App'x at 19.[2] But Cecere supplies no factual allegations that are sufficient to support that assertion. At most, Cecere alleges that he has experienced allergic reactions to *other* vaccines in the past. He does not, however, allege any non-speculative factual basis for inferring that his reactions to these other vaccines would be replicated if he were to receive a COVID-19 vaccine.

In his amended complaint, Cecere alleges that after receiving the meningococcal vaccine in December 2020, he experienced pain down his spine that limited his ability to move and caused him to have difficulty breathing. He alleged that his mother (a dentist) gave him Benadryl, which she chose because Cecere had suffered "an anaphylaxis reaction to Motrin (Ibuprofen) when he was little." Joint App'x at 8. He further alleged that he had suffered "other adverse reactions . . . in childhood from other vaccinations and medications," Joint App'x at 10, although he did not further specify what sort of reactions they were, or which vaccinations or medications had triggered them. Fearful that these symptoms would return if he received a COVID-19 vaccine, Cecere sought a medical exemption so he could complete the clinical phase of the PA Program at Canisius. His original doctor, who administered the meningococcal vaccine, declined to provide him such an exemption letter, and Canisius rejected a medical exemption letter written by Cecere's mother. In December 2021, Cecere met with a new primary care provider, Dr. Kevin Cleary, who wrote him a medical exemption letter (to which Cecere refers in his amended complaint, and which

---

[2] Cecere's amended complaint does contain the allegation that Canisius "failed to honor plaintiff's allergic reaction to the COVID-19 vaccination." Joint App'x at 19. But because Cecere expressly alleges that he never received any COVID-19 vaccine, it is impossible that he had an allergic reaction to such a vaccine. We therefore cannot accept this allegation as true, even construing Cecere's amended complaint liberally.

4

the district court therefore properly consulted on the motion to dismiss).  This letter consists of a single sentence: "William Cecere has had prior severe allergic reactions to vaccines, including viral vaccines and is unable to get the covid 19 vaccine."  Joint App'x at 149.  Dr. Cleary's letter does not state that Cecere has an allergy to one or more COVID-19 vaccines; nor does it state that Cecere would likely have an allergic reaction to any COVID-19 vaccine that would be the same (or even similar) to the reaction he had to the meningococcal vaccine or to any other previous vaccines.  Such a vague and conclusory statement about other unspecified vaccines and reactions is insufficient to plausibly allege that Cecere was, in fact, allergic to COVID-19 vaccines; it was therefore also insufficient to raise Cecere's right to relief under the ADA above the speculative level.  *See Twombly*, 550 U.S. at 555.  Accordingly, the district court properly dismissed Cecere's amended complaint.

Because we affirm the district court's conclusion that Cecere failed to adequately allege that he was in fact allergic to COVID-19 vaccines, we need not reach the district court's alternative basis for dismissal—namely, that Cecere also failed to allege that any of his major life activities was substantially limited by the alleged disability.

We have considered Cecere's remaining arguments and find them unpersuasive.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5